# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROGER ROTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-cv-7583 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| ELK GROVE VILLAGE, an Illinois ) | |
| municipal entity, OFFICER JOHN ) | |
| WILLIAMS, and OFFICER RUSSELL ) | |
| SULLIVAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion [70] for entry of a HIPAA-qualified protective order. For the following reasons, Plaintiff's motion [70] is granted. The Court directs the parties to email the HIPAA-qualified order attached as Exhibit A to Plaintiff's motion in Word format to the Court's Proposed Order box, Proposed_Order_Dow@ilnd.uscourts.gov, by no later than April 26, 2018.

## I.  Background

Plaintiff brings Section 1983 claims against Defendants Sullivan and Williams, both Elk Grove Village police officers, for excessive force based on an encounter that occurred on September 30, 2012. [See 33.] Defendant Elk Grove Village has filed a counterclaim against Plaintiff for battery against Officer Sullivan based on the same encounter. [See 26.] Elk Grove Village brings its counterclaim pursuant to the Illinois Workers' Compensation Act (the "Act"), 820 ILCS 305/1 *et seq.* After Sullivan filed a worker's compensation claim, Elk Grove Village paid Sullivan in compliance with the Act for his necessary medical expenses in order to compensate him for his injuries sustained during this encounter. In its counterclaim, the Village

seeks to recover from Plaintiff the sum that it paid to Sullivan. [See 26.] The Court already has granted summary judgment in favor of Elk Grove Village on the liability portion of the battery claim, with damages to be determined at a later date. [55, at 14.]

In the instant motion [70], Plaintiff requests a HIPAA-qualified protective order to obtain certain medical records and health information relating to Defendant Sullivan. Plaintiff seeks records from various medical providers that relate to treatment of Sullivan's bodily injuries—specifically, prior injuries to his left arm—from 2007 to 2012. [75, at 3.] Plaintiff argues that Elk Grove's counterclaim put the nature and extent of Officer Sullivan's injuries directly at issue in this case, and he is therefore entitled to explore the extent of any of Officer Sullivan's past injuries in order to see if they are relevant to Officer Sullivan's current injuries. [75, at 2–3.]

Defendants object on the basis that the medical records Plaintiff seeks are not relevant because they relate only to Sullivan's treatment for completely unrelated injuries. According to Defendants, the relevant physical injury that Sullivan suffered as a result of the September 30, 2012 encounter is an injury to his spine, which resulted in nerve impingement that caused radiating pain down his left arm. [See 74, at 1.] Defendants argue that the records Plaintiff seeks relating to Sullivan's two previous left-arm injuries in 2007 and 2012 are not causally connected to the spinal injury at issue here and thus are not discoverable. Defendants further contend that the requested records are not relevant to the Village's counterclaim because the Village is entitled to recover the full amount it paid for Sullivan's workers' compensation claim without regard to whether that amount is excessive or unreasonable. According to Defendants, the requested records could only be used for the prohibited purpose of reducing the amount of Elk Grove Village's recovery. [See *id.*, at 3.]

## II. Legal Standard

Under Federal Rule of Civil Procedure ("Rule") 26(b), the scope of discovery in civil cases encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Information that is within the scope of discovery does not need to be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).[1] District courts have broad discretion to manage the discovery process, including through the entry of protective orders. See *Geiger v. Aetna Life Ins. Co.*, 845 F.3d 357, 365 (7th Cir. 2017).

## III. Analysis

The Court concludes that entry of Plaintiff's requested protective order is warranted because the records Plaintiff seeks pursuant to that order are discoverable under Rule 26(b). The 2012 encounter between Plaintiff and Defendant Officers Sullivan and Williams that forms the basis of this action resulted in an excessive force claim by Plaintiff against Sullivan and a battery counterclaim by Elk Grove Village (as subrogee of Sullivan) against Plaintiff. Sullivan claims a spinal injury resulting in left arm pain as a result of the battery. The extent of any preexisting injury that Defendant Sullivan may have sustained to his left arm prior to this encounter certainly may be relevant to the damages that Elk Grove Village could recover on the battery

---

[1] In his reply brief, Plaintiff cites to Rule 26's previous language that information sought in discovery need not be admissible at trial, so long as it appears "reasonably calculated to lead to the discovery of admissible evidence." [75, at 2.] Rule 26's language was amended effective December 1, 2015, however, to reflect the language quoted above.

3

counterclaim. It could also be relevant to the amount of force that Sullivan should have used in the encounter with Plaintiff.

Defendants argue that Plaintiff has not presented any medical expert that will testify about the cause of Sullivan's spinal injury, and that the previous injuries to Sullivan's left arm have no causal connection to the spinal injury that Sullivan suffered. [74, at 2.] The parties may eventually conclude—or Defendants may convince the Court—that any earlier arm injuries are not causally related to the spinal injury, but Plaintiff is entitled to at least look into whether there is any causal connection through the discovery process. The records and health information that Plaintiff seeks do not have to be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1).

The case on which Defendants rely in their opposition to Plaintiff's motion, *Avina v. Bohlen*, 2015 WL 1756774 (E.D. Wis. Apr. 16, 2015), is distinguishable from the instant case. *Avina* involved an excessive force claim against a Milwaukee police officer based on an encounter that resulted in the plaintiff's minor son sustaining a broken arm. 2015 WL 1756774, at *1. Defendants sought an order compelling the plaintiff to sign a broad release for the minor's medical records covering the ten years prior to the incident. The Court held that "the Defendants' medical release form [was] overly broad" because "[n]ot all types of the minor's medical records sought by the release are relevant to this case * * * [including] speech therapy and EKG records, which have no apparent relationship to this case." *Id.* at *4. Further, "[w]hile medical records regarding a seemingly unrelated problem may sometimes lead to the discovery of admissible evidence, the medical release here must be revised to eliminate medical records without any apparent connection to this case such as those relating to speech therapy or EKG tests." *Id.* at *4. The Defendants were allowed to seek medical records for the ten-year time period prior to the relevant incident. *Id.*

Here, unlike the release at issue in *Avina*, the records that Plaintiff requests pursuant to the proposed protective order are connected to the claims in the case. Sullivan claims a spinal injury leading to pain in his left arm, among other symptoms, as a result of the relevant encounter. Plaintiff seeks a protective order allowing medical providers to produce records regarding injuries to Sullivan's left shoulder and arm that he suffered prior to the encounter giving rise to this action. This is certainly a relevant topic for Plaintiff to look into. The records also comport with the proportionality principle in Rule 26. Plaintiff only requests records related to specific incidents that took place no more than five years prior to the encounter at the heart of the action, and records that have already been produced indicate that Sullivan did injure his left arm twice during that time frame. Contrary to Defendants' assertions, the Court understands Plaintiff to be seeking records regarding specific treatment of these injuries Sullivan sustained to his left arm, not records relating to Sullivan's entire medical history.

Defendants also argue that the medical records Plaintiff seeks pursuant to the proposed order at issue here are not discoverable because under the Workers' Compensation Act (which is the basis for the counterclaim), Elk Grove Village is entitled to the full amount of money it paid out in relation to Sullivan's workers' compensation claim, and Plaintiff is not entitled to collaterally attack that amount by asserting that payments for medical bills were excessive or unreasonable in some way.

Under Section 5(b) of the Act, "an injured employee who has received workers' compensation benefits must reimburse the employer for those benefits from any recovery the employee receives from a liable third party." *In re Estate of Dierkes*, 730 N.E.2d 1101, 1102 (Ill. 2000). Section 5(b) also permits a subrogation action by an employer to recover from a third party responsible for the injuries the compensation paid to the employee. *Knowles v. Mid-West*

*Automation Sys., Inc.*, 570 N.E.2d 484, 485–86 (Ill. App. Ct. 1991).[2] Section 5(b) thus grants an employer two distinct rights: (1) "if the employee files suit within the statute of limitations period against the tortfeasor that caused his injury, the employer has a lien on any recovery;" and (2) "if no suit is filed by the employee, then during the last three months before the limitations period expires, the action is 'transferred' to the employer, who may then file the *same suit* against the tortfeasor that the employee could have filed." *Woodward v. Pratt, Bradford & Tobin, P.C.*, 684 N.E.2d 1028, 1032–33 (Ill. App. Ct. 1997).

The Village here sued Plaintiff directly instead of asserting a lien on a recovery obtained by Sullivan from Plaintiff. It therefore seems to be exercising the second right listed above.

---

[2] Section 5(b) reads in pertinent part:

> Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act.
> * * *
> In the event the employee or his personal representative fails to institute a proceeding against such third person at any time prior to 3 months before such action would be barred, the employer may in his own name or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal representatives all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act.

820 ILCS 305/5(b).

Defendants argue that the documents covered by the proposed protective order are not discoverable because they cannot be used to reduce the amount of the statutory lien.

It is true that the Act "provides numerous protections for the interests of an employer who has made workers' compensation payments," *Ins. Co. of N. Am. v. Andrew*, 564 N.E.2d 939, 942 (Ill. App. Ct. 1990), one of which is the creation of a statutory lien equal to the amount of workers' compensation benefits paid or owed. See *Smith v. Louis Joliet Shoppingtown L.P.*, 877 N.E.2d 789, 792 (Ill. App. Ct. 2007) ("[Section 5(b) of the Act] grants the employer * * * a statutory lien on any recovery the employee receives from a liable third party equal to the amount of the workers' compensation benefits paid or owed to the employee.") (citing *Dierkes*, 730 N.E.2d at 1104). But here, Elk Grove Village is suing Plaintiff directly rather than asserting a lien on a recovery that Sullivan received from Plaintiff and thus is proceeding against Plaintiff for the recovery of whatever damages Sullivan would have been able to collect. See *Beiermann v. Edwards*, 550 N.E.2d 587, 595–96 (Ill. App. Ct. 1990).

In *Beiermann*, the employer of an injured employee filed a complaint in intervention in the employee's personal injury suit and, after the employee abandoned the suit, the employer substituted in as the plaintiff. The trial court instructed the jury that the measure of damages was what the original plaintiff (the employee) could have recovered from the defendant. 550 N.E.2d at 592. After the jury returned a verdict for the defendant, the employer appealed, arguing that as the employer "it could only recover as damages those amounts it actually paid to or on behalf of [the employee]." *Id.* at 595. The Illinois Appellate Court disagreed. The court noted that "[h]ad [the employee] not abandoned his cause of action and prosecuted it against defendant, the [employer's] participation in the suit would have been limited to protecting its lien for the amount of benefits paid." *Id.* at 596. But, once the employer elected to substitute as the

plaintiff it became required, "according to section 5(b) of the Act, to proceed against the culpable third person (the defendant) for the recovery of damages on account of injury to [the employee]." *Id.* Therefore, however an employer becomes a plaintiff in an action against a third party pursuant to the Act, according to the terms of the statute, "[t]he measure of damages would be those damages which the employee would have been able to collect from the defendant." *Id.* As applied here, Defendants' argument that medical bills or other records relating to any of Sullivan's injuries beyond those directly paid to satisfy the workers' compensation claim are not discoverable is unavailing. Because Plaintiff is a counterclaim-defendant on the battery claim, Plaintiff is entitled to contest the damages claimed by Sullivan on that claim. The requested documents are relevant to that issue, and thus within the scope of permissible discovery as explained above.

In sum, the Court grants Plaintiff's motion for entry of a HIPAA-qualified protective order. In the exercise of the Court's obligation to supervise discovery, see *BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.*, 2018 WL 946396, at *5–6 (N.D. Ill. Feb. 20, 2018), and to move the case forward, the Court also orders Defendants to facilitate the production of the information that Plaintiff has previously requested: Officer Sullivan's medical records and health information regarding previous injuries sustained to his left arm from 2007 to the time of the subject incident pursuant to this protective order.

### IV. Conclusion

For these reasons, Plaintiff's motion [70] is granted. The Court directs the parties to email the HIPAA-qualified order attached as Exhibit A to Plaintiff's motion in Word format to the Court's Proposed Order box, Proposed_Order_Dow@ilnd.uscourts.gov, by no later than April 26, 2018.

Date: April 19, 2018

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Robert M. Dow, Jr.
　　　　　　　　　　　　　　　　　　　　United States District Court Judge