IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER ROTTER, <br><br> Plaintiff, <br><br> v. <br><br> ELK GROVE VILLAGE, an Illinois municipal entity, OFFICER JOHN WILLIAMS, and OFFICER RUSSELL SULLIVAN, <br><br> Defendants. | Case No. 14 C 7583 <br><br> Judge Robert M. Dow, Jr. <br> Magistrate Judge Michael T. Mason |

## HIPAA QUALIFIED PROTECTIVE ORDER

THIS CAUSE coming to be heard on the Motion of Plaintiff ROGER ROTTER, by and through his attorneys, Dolan Law Offices, P.C., for entry of a HIPAA Qualified Protective Order, due notice having been given and the Court having jurisdiction"

IT IS HEREBY ORDERED that:

1. All records produced to the Plaintiff shall be produced subject to the conditions of this Order.

2. That Plaintiff is granted and permitted to obtain records, bills, reports, and correspondence and other written data pertaining to the health care of Defendant RUSSELL SULLIVAN, from the following providers:

   a. DuPage Medical Group;

   b. Monica S. Chirila, M.D.;

   c. Central DuPage Hospital;

   d. Alexian Brothers Occupation Health;

   e. Alexian Brother Medical Group – Hanover Park;

      f. Paul McTurk, D.O.;

      g. Winston Rajendram, M.D.;

      h. Alexian Brothers Medical Center;

      i. Gail E. Mikucki, APN

      j. Suburban Orthopedics;

      k. Howard Freedberg, M.D.;

      l. Dmitry Novoseletsky, M.D.;

      m. Athletico Physical Therapy;

      n. Midwest Orthopedics at Rush;

      o. Edward J. Goldberg, M.D.;

3. That Defendant RUSSELL SULLIVAN shall execute a release of authorization for records of the aforementioned health care provider(s) as requested by Plaintiff.

4. This Order shall apply to any records produced by a Covered Entity as defined by 45 CFR 160.103, which receives a request to produce or subpoena for protected health information.

5. The parties are prohibited from using or disclosing the protected health information provided by a Covered Entity for any purpose other than litigation.

6. The use of protected health information in this litigation shall extend to providing such information to the parties and to the parties' attorneys, witnesses, experts, consultants, court reporters, copy services, and other similar venders to parties and their attorneys, as well as the professional and support staff of the firms representing the parties and those entities. However, the protected health information shall not be provided to any of those entities unless they (1) have been provided a copy of this Qualified Protective Order and agree to its terms, (2) have a

contract as a business associate with a covered entity that has provisions in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the regulations governing HIPAA as adopted by 45 CFR 162 and 164 (the Privacy Rule); or (3) have entered into a Vendor's contract with a Business Associate of a Covered Entity under which they have assured the Business Associate that they will maintain the confidentiality of protected health information and will not use or disclose protected health information except as permitted under HIPAA and the Privacy Rule.

7.  The parties and each entity governed by this Order shall destroy all of the protected health information (including all copies made) at the end of the litigation.

8.  That the entry of an order shall not service as a basis to delay the case management order, nor continue the trial date.


ENTERED:   4/23/2018

_____
THE HONORABLE PRESIDING JUDGE


ORDER PREPARED BY:

DOLAN LAW OFFICES, P.C.
Attorneys for Plaintiff
10 S. LaSalle St.
Suite 3702
Chicago, IL 60603
(312) 676-7600
(312) 849-2030 (facsimile)
mdolan@dolanlegal.com